**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Randall L. Thiel, | ) | No. CV 05-0447 PHX ROS |
| Plaintiff, | ) | **OPINION AND ORDER** |
| vs. | ) | |
| Paul Larkin, Pinal County Assessor, Dolores J. Doolittle, Pinal County Treasurer, John and Jane Doe 1-x; ABC Corporations I-X; XYZ Partnerships I-X,, | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff Randall L. Thiel's Motion for Summary Judgment and Defendants Paul Larkin and Dolores J. Doolittle's Cross-Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied and Defendants' Cross-Motion to Dismiss is granted.

## BACKGROUND

On February 7, 2005, Plaintiff filed his complaint seeking to prevent Defendants, Pinal County officials, from assessing property taxes on his residence. (Doc. # 1) Plaintiff claimed that he had purchased the residence using funds awarded to him in a workers' compensation proceeding. The workers' compensation award was the result of an accident in Pennsylvania that left Plaintiff in a quadriplegic state. Plaintiff alleged that federal jurisdiction was proper under numerous statutes: 28 U.S.C. § 1331; 28 U.S.C. § 1361; 28 U.S.C. § 1343(a)(3), (4); 28 U.S.C. § 1651; and 28 U.S.C. § 2201; and 28 U.S.C. § 2202. (Doc. #12 @ 2).

1    On March 29, 2005, Plaintiff moved for summary judgement arguing that Defendants

2  "are without legal standing and have exceeded their authority to tax [his] property." (Doc.

3  # 12 @ 6)  On April 27, 2005, Defendants filed their response to Plaintiff's Motion for

4  Summary Judgment and cross-moved to dismiss pursuant to Federal Rule of Civil Procedure

5  12(b)(1) and 12(b)(6).   Plaintiff filed a timely response to the motion to dismiss and

6  Defendants filed a timely reply.  (Docs. #18, 23)

7                                    **ANALYSIS**

8    In their Motion to Dismiss, Defendants present two different theories.  First, they

9  argue the suit must be dismissed due to a lack of federal subject matter jurisdiction. Fed. R.

10  Civ. P. 12(b)(1).  Second, they argue that Plaintiff has failed to present a claim for which

11  relief could be granted. Fed. R. Civ. P. 12(b)(6).  The Court agrees with Defendants that the

12  suit must be dismissed due to a lack of jurisdiction.  Therefore, the Court need not address

13  Defendants' second argument. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d

14  802, 807 (9th Cir. 2001) (observing that "a court lacking jurisdiction to hear a case may not

15  reach the merits"); Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern

16  California, 790 F.2d 1421, 1425 (9th Cir. 1986) ("Where subject matter jurisdiction is

17  lacking, a court cannot reach the merits.").[1]

18    "Federal courts are courts of limited jurisdiction.  They possess only that power

19  authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co. of

20  America, 511 U.S. 375, 378 (1994).  The party asserting jurisdiction bears the burden of

21  establishing that jurisdiction exists. Id. The lack of subject matter jurisdiction may be raised

22  at any time, by either the parties or the Court. May Dept. Store v. Graphic Process Co., 637

23  F.2d 1211, 1216 (9th Cir. 1980) ("A party may raise jurisdictional challenges any time during

24  the proceedings."); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 131 n.1 (1995)

25  (Ginsburg, J., concurring) ("[E]very federal court, whether trial or appellate, is obliged to

26

27    [1]It is well established that "a dismissal for failure to state a claim under Rule 12(b)(6)
is a 'judgment on the merits.'" Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).

28

1    notice want of subject-matter jurisdiction on its own motion."). In this case, Plaintiff alleges

2    that federal jurisdiction exists under various federal statutes. Defendants counter that the

3    cited statues are not applicable in this case and therefore the Court does not have jurisdiction

4    to decide the case. See Fed. R. Civ. P. 12(b)(1). To resolve this issue the Court must address

5    the specific type of jurisdictional challenge Defendants are making.

6        A challenge to subject matter jurisdiction through Rule 12(b)(1) "may be facial or

7    factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial

8    attack, the party challenging jurisdiction "asserts that the allegations contained in a complaint

9    are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack,

10   the challenger disputes the truth of the allegations that, by themselves, would otherwise

11   invoke federal jurisdiction." Id. Defendants do not label their argument as facial or factual

12   but argue that the Court should "take as true all allegations of material facts and . . . construe

13   those facts in the light most favorable to [Plaintiff]." (Doc. # 15) Thus, it is clear that

14   Defendants are asserting a facial challenge.

15       Because Defendants assert a facial challenge, the Court assumes Plaintiff's

16   "allegations [are] true and draw[s] all reasonable inferences in his favor." Wolfe v.

17   Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Also, the Court "construe[s] the complaint

18   liberally because it was drafted by a pro se plaintiff." Id. In his complaint, Plaintiff lists a

19   wide variety of statutes that he believes grant jurisdiction in this case. None of the statutes

20   listed, however, are applicable to Plaintiff's claims.

21       Plaintiff first asserts that jurisdiction exists pursuant to 28 U.S.C. § 1331. This statute

22   grants jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the

23   United States." Plaintiff claims that the attempted collection of property taxes by the

24   Defendants violates federal law, thereby making federal jurisdiction proper. Specifically,

25   plaintiff alleges that 26 U.S.C. § 6334 prohibits Defendants from collecting property taxes.

26   Section 6334 is part of the Internal Revenue Code and facilitates collections of taxes due to

27   the federal government. 26 U.S.C. §§ 6301 and 6331 (providing authority and method for

28

- 3 -

1   the collection of *federal* taxes).  Plaintiff's complaint contains no allegation that Defendants

2   are attempting to collect a *federal* tax.  Even under the most liberal reading of Plaintiff's

3   complaint, it is clear that Plaintiff seeks relief from the collection of a local property tax.

4   Section 6334 is totally inapplicable to the collection of local taxes.  Thus, 28 U.S.C. § 1331

5   does not grant jurisdiction because Plaintiff has failed to present any legitimate claim that

6   Defendants' actions violate federal law.

7       Next, Plaintiff claims that 28 U.S.C. § 1361 grants jurisdiction.  This statute provides

8   jurisdiction for an "action in the nature of mandamus to compel an officer or employee of the

9   United States or any agency thereof to perform a duty owed to the plaintiff."  Id.  Nowhere

10  in his complaint does Plaintiff allege that Defendants are federal officials.  Thus, this statute

11  does not apply.

12      Plaintiff's third jurisdictional claim is made pursuant to 28 U.S.C. 1343(a)(3), (4).

13  These subsections, however, grant jurisdiction when a plaintiff's civil rights have been

14  violated.  Id.  Plaintiff's complaint does not contain any allegation that his civil rights have

15  been violated.  Therefore, these sections do not grant jurisdiction.

16      The fourth basis Plaintiff relies on for jurisdiction is 28 U.S.C. § 1651.  This statute

17  allows federal courts to "issue all writs necessary or appropriate in aid of their respective

18  jurisdictions."  Id.  The Supreme Court recently held that this statute "does not confer

19  jurisdiction on the federal courts."  Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28,

20  33 (2002).  Accordingly, the statute does not grant this Court jurisdiction over Plaintiff's

21  claims.

22      Finally, Plaintiff's fifth basis for jurisdiction is 28 U.S.C. §§ 2201, 2202.  These

23  sections "enlarged the range of remedies available in the federal courts but did not extend

24  their jurisdiction."  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

25  Thus, "a suit brought under [these statutes] must state some independent source of

26  jurisdiction, such as the existence of diversity or the presentation of a federal question."

27  Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989).  These statutes, standing alone,

28

1  do not grant jurisdiction.

2       None of the statutes cited by Plaintiff provide for jurisdiction under the facts presented

3  in the complaint.  The Court concludes that jurisdiction does not exist in this case.

4       Accordingly,

5

6       Defendants' Motion to Dismiss (Doc. # 15) is **GRANTED** and this matter is

7  **DISMISSED.**

8       Plaintiff's Motion for Summary Judgment (Doc. # 12) is **DISMISSED** as moot.

9

10  DATED  _11/15/05_.

11

12

13                                        _____
                                         Roslyn O. Silver

14                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28